UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN PHILIP MCKEE, </br></br>    Plaintiff, </br></br>  v. </br></br> DANA M. RYAN, </br></br>    Defendant. | Case No. C08-1207-MJP-JPD </br></br> REPORT AND RECOMMENDATION |

Plaintiff John Philip McKee, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against defendant Dana M. Ryan. Dkt. No. 4. After careful consideration of plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that plaintiff's case be DISMISSED without prejudice and his IFP application DENIED as MOOT.

Pursuant to 28 U.S.C. § 1915, this Court may deny an application to proceed IFP and should dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

REPORT AND RECOMMENDATION
PAGE – 1

1991); *see also WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires a plaintiff to name individual state actors as defendants and to allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (emphasis added).

Plaintiff's complaint fails to meet these standards. He has not alleged facts demonstrating that he suffered a violation of rights protected by the Constitution or created by federal statute, or that the violation was proximately caused by a person acting under color of state or federal law. Put another way, plaintiff's request for an order directing defendant to provide plaintiff a copy of his case file is not a cognizable claim under § 1983, and this Court lacks jurisdiction over any such request.

Accordingly, the Court recommends that plaintiff's case be DISMISSED without prejudice and that his IFP application be DENIED as moot. 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

DATED this 25th day of August, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge